IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JEANINE RAINWATER,<br><br>    Plaintiff,<br><br>    v.<br><br>DEVON PATILLO, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 3:10-CV-35-TWT |

ORDER

This is a civil rights action. It is before the Court on the Defendants' Motion to Dismiss [Doc. 14]. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the Defendants' motion.

I. Background

The Plaintiff, Jeanine Rainwater, alleges that on April 24, 2009, city of Hogansville police officers Moses Ector, Devon Patillo, Mike Yarborough, and John Pearson, entered the Plaintiff's home and conducted a warrantless search. Moses Ector is the chief of police for the city of Hogansville. John Pearson is the deputy chief of police. On March 7, 2010, the Plaintiff alleges that Stacey Lovvorn and Bruce Jordan, also Hogansville police officers, again entered the Plaintiff's home and

conducted another search. Finally, the Plaintiff asserts that "[t]he mayor and city counsel of Hogansville knew, or should have known of the improper police conduct herein, particularly because of the actions of the Police Chief and his assistant chief." (Am. Compl. ¶ 12.)

On March 12, 2010, Rainwater filed this lawsuit under 42 U.S.C. § 1983 for violations of her Fourth and Fourteenth Amendment rights and several state law claims [Doc. 1]. The Plaintiff brought claims against the police officers who entered her home in their individual capacities as well as the city of Hogansville (the "City").[1] Specifically, Rainwater claims that the City had a policy or practice of conducting illegal searches and seizures. On May 13, 2010, the Defendants moved to dismiss the claims against Ector, Pearson, and the City [Doc. 6].

On January 6, 2011, the Court granted the Defendants' Motion to Dismiss (the "Prior Order") [Doc. 12]. Notably, the Court discounted the Plaintiff's assertions that the Defendants acted under color of state law, and that the City had a policy or practice of entering homes without a warrant, finding that these allegations were merely legal conclusions. Id. at 7. The Court, however, gave the Plaintiff 14 days to

---

[1]As the Court has noted, the Plaintiff "concedes that she sues [the individual defendants] only in their individual capacities and only for their personal actions; none is named in his official capacity or is accused on the basis of a vicarious liability or respondeat superior theory." [Doc. 12, p. 3].

amend her complaint. On January 18, 2011, the Plaintiff filed an Amended Complaint [Doc. 13]. The Defendants have filed a Motion to Dismiss the Amended Complaint [Doc. 14]. The Defendants argue that Rainwater has not sufficiently pled that the City established a policy or practice, that the Defendants were acting under color of state law, or that there were no exigent circumstances.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice

of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III.  Discussion

The Defendants have moved to dismiss the Amended Complaint against all the Defendants.

####    A.    Individual Defendants

To establish a claim under 42 U.S.C. § 1983 against the individual Defendants, Rainwater must allege that the individual Defendants acted under color of state law. City of Oklahoma City v. Tuttle, 471 U.S. 808, 829 (1985). The Defendants argue that Rainwater has failed to plausibly allege that the Defendants acted under color of state law.[2] In her original Complaint, the Plaintiff alleged that "[t]he actions of Defendants were taken under color of state law."  (Compl. ¶ 4.)  The Court disregarded this allegation as a legal conclusion [Doc. 12, p. 7]. See Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010) (noting that court should disregard "conclusory allegations

---

[2]The Defendants also argue that Rainwater has not plausibly alleged the absence of exigent circumstances.  The Plaintiff, however, need not establish the absence of exigent circumstances in her pleading.  Rather, exigent circumstances, if they existed, must be shown by the Defendants. Hartsfield v. Lemacks, 50 F.3d 950, 954 (11th Cir. 1995) (noting that "searches and seizures inside a home without a warrant are presumptively unreasonable.").

that are not entitled to an assumption of truth–legal conclusions must be supported by factual allegations."). The Plaintiff then filed an Amended Complaint, asserting that:

> The actions of Defendants were taken under color of state law. More specifically the officers employed by the City of Hogansville were not acting as private parties or with a private purpose but acted as they did, clothed with state authority.

(Am. Compl. ¶ 4.) It is undisputed that the individual Defendants were police officers employed by the City of Hogansville. The allegation that they were not engaged in private conduct is barely enough to survive the motion to dismiss. Thus, it is denied as to the individual Defendants.

    B.    <u>City of Hogansville</u>

To prevail on her § 1983 claim against the City, Rainwater must show that the City promulgated a policy or custom of illegal searches. See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 694 (1978). The Defendants argue that the Plaintiff has not plausibly alleged that the City had a policy or custom of illegal searches. To establish such a policy, "it is generally necessary to show a persistent and wide-spread practice" and "actual or constructive knowledge of such customs" on the part of the City's governing body. <u>Depew v. City of St. Marys</u>, 787 F.2d 1496, 1499 (11th Cir. 1986).

Here, the Plaintiff has alleged two illegal searches. With respect to the April 2009 incident, the Plaintiff has not alleged *any* prior illegal search, much less a

persistent and wide-spread practice of which city officials were aware. As to the March 2010 occurrence, the Plaintiff only relies on the prior April 2009 search. A single incident does not constitute a "persistent and wide-spread practice," even if the mayor and city counsel had knowledge of the event. Id. As discussed above, the Plaintiff's bald assertion that "[t]he two incidents alleged above were part of a persistent and widespread practice" is merely a legal conclusion. Rainwater has not pled any facts plausibly indicating any such practice. For this reason, the Plaintiff's claim against the City is dismissed.

    C.    State Law Claims

The Defendants have also moved to dismiss the Plaintiff's state law claims for violations of the Georgia Constitution, trespass, and breach of privacy. As discussed above, Rainwater has not plausibly alleged state action on the part of the Defendants. See GA. CONST. Art. 1, § 1, para. 13; State v. Ballew, 290 Ga. App. 751 (2008) (finding Georgia Constitution's protection against unreasonable searches and seizures provides same protection as federal Constitution.). Thus, the Plaintiff's state Constitutional claim is dismissed. The Plaintiff has, however, alleged that the Defendants entered her home on two occasions and conducted searches without authorization. The Plaintiff need not establish either state action or persistent practice to maintain her trespass and privacy claims. See O.C.G.A. § 51-9-1; Johnson v. Allen,

272 Ga. App. 861, 864 (2005) (noting that recovery for invasion of seclusion requires "a physical intrusion analogous to a trespass . . . which would be offensive or objectionable to a reasonable person."). For this reason, the Plaintiff's trespass and breach of privacy claims are not dismissed.

### IV.  Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Defendants' Motion to Dismiss [Doc. 14].

SO ORDERED, this 31 day of May, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge